FILED BY CG___ D.C.

05 MAY 24  AM 8:04

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

AMERICAN BUSINESS FORMS, INC.    )
                                 )
    Plaintiff,                   )   Case No. 03-2194-B
                                 )
vs.                              )
                                 )
THE RESTAURANT COMPANY           )
                                 )
    Defendant                    )

## ORDER ON TAXATION OF COSTS

Taxation of costs is governed by 28 U.S.C. § 1920, and the costs taxable under this section "shall be allowed as of course to the prevailing party unless the court otherwise directs" or unless a statute or rule otherwise provides. Fed.R.Civ.P 54(d)(1). The Restaurant Company, Defendant, was the prevailing party in this cause. As such, Defendant did on April 16, 2005 file a cost bill totaling $2,501.60 for court reporter fees and the cost of deposition transcriptions, and printing and copy costs.

Notice was given to permit these parties opportunity to be heard at a taxation hearing scheduled in Memphis, TN, on Friday, May 13, 2005 at 11:30 a.m. regarding the assessment of costs pursuant to Local Rule 54.1(b).

As a result of Defendant's claim and based on matters reflected in the file, costs are taxed against Plaintiff and in favor of Defendant as follows:

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-24-05



|  | CLAIM | AWARD |
|---|---|---|
| Deposition costs | $1,691.70 | $1,596.95 |
| Copy/printing costs | $ 809.90 | $ 809.90 |
| **TOTAL** | **$2,501.60** | **$2,406.85** |

Deposition fees:

Title 28, Sections 1920(2) and (4) declare that the cost of taking and transcribing depositions and transcripts, and the cost of purchasing copies of depositions may be taxed if the depositions were "necessarily obtained for use in the case." Thus, if the depositions are "reasonably necessary to the prosecution of the action," and not "merely useful for discovery," the costs are appropriately taxed. Ramos v. Lamm, 713 F.2d 546, 560 (10th Cir. 1983); Sales v. Marshall, 873 F.2d 115, 120 (6thCir. 1989); Independent Iron Works, Inc. v. U.S. Steel Corp., C.A. Cal. 1963, 322 F.2d 656, certiorari denied 84 S. Ct. 267, 375 U.S. 922.

A deposition does not have to be used as evidence to be taxed as an expense. "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." 10 Charles Allen Wright et al, Federal Practice and Procedure: Civil 2d §2676, at 341(2d ed. 1983); see also Sales, 873 F.2D at 120 ("Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at

2

trial is not controlling."), and Shanklin v. Norfolk Southern Railway Co., No. 94-1212 (W.D. Tenn. Sept. 9, 1996) relying on Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir. 1985); In re Air Crash Disaster, 687 F.2d 626, 631 (2d Cir. 1982).

The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. See Wright et al., supra, §2676, at 341-44; Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997).

In support of this tax claim, Defendant's bill includes copies of the court reporters' invoices detailing reporter fees and deposition transcript charges incurred. Defendant's claim is allowed, save for the administrative costs(condensed transcripts, ascii disks, postage and handling) charges which are classified as a business cost, borne for convenience of counsel, and are therefore not taxable. The administrative costs have been culled from the award.

Copy fees:

Where records or papers are copied by counsel for prevailing party in preparation for trial, their costs may be recovered, even though no trial is actually held, pursuant to 28 U.S.C. § 1920(4), which provides that fees for exemplification and copies of papers necessarily obtained for use in case, may be taxed as

3

costs. <u>Meadows v. Ford Motor Co.</u> (1973, WD Ky) 62 FRD 98, 5 BNA FEP Cas 665, on remand (WD Ky) 11 BNA FEP Cas 1047 and cert den 425 US 998, 48 L. Ed 2d 823, 96 S Ct 2215, 12 BNA FEP Cas 1335.

Taxable copy costs permitted under 28 U.S.C. § 1920 contemplate copies reasonably necessarily for use in the case, but not for the convenience of attorneys. <u>Independence Tube Corp. v. Copperweld Corp.</u>, D.C.Ill.1982, 543 F.Supp. 706. However, in this instance Plaintiff stipulated as to the reasonable necessity of the copies produced. Consequently, the copy costs are included as taxable costs.

**TOTAL AWARD     $2,406.85**

Pursuant to Fed.R.Civ.P. Rule 54(d), the taxation of costs by the Clerk may be reviewed by the court upon motion, served within 5 days of the docketing of this order.

_____
ROBERT R. DI TROLIO, CLERK

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 65 in case 2:03-CV-02194 was distributed by fax, mail, or direct printing on May 24, 2005 to the parties listed.

---

Saul C. Belz
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Robert Di Trolio
CLERK, U.S. DISTRICT COURT
242 Federal Bldg.
167 North Main Street
Memphis, TN 38103

John Marshall Jones
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

John J. Heflin
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Amy E. Ferguson
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT